PER CURIAM:
Claimant is the owner of a 1972 Ford Mustang which was damaged when he struck a pothole on Route 85 near Greenwood, Boone County, West Virginia. The incident occurred at approximately 3:30 p.m. on May 18, 1983. Claimant testified that the vehicle hit a hole which extended across the road. This caused a tire to burst, sending the car to the other side of the road where it struck a second pothole and then a telephone pole. Claimant valued the vehicle as a complete loss and seeks $2,000.00 in damages.
Claimant testified that Route 85 was deteriorated in the area of the accident. He said that he knew of other persons who had suffered vehicle damage on that road, but he was not certain whether any of them reported those incidents to respondent. Claimant stated that he rode Route 85 daily and was aware of the condition of the road.
The State is neither an insurer nor a guarantor of the safety of motorists travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found liable, proof of actual or constructive notice of the defect in the road is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). While there may have been notice to respondent, the Court is of the opinion that the claimant, with his prior knowledge of the road’s condition, was also negligent. Under the doctrine of comparative negligence, the Court finds that the claimant’s negligence was equal to *117 or greater than any negligence on the part of the respondent, and disallows the claim.
Claim disallowed.